Betty Lou **KIMBERLY**, Individually and as Personal Representative of the Estate of Kathy Kimberly, Deceased, Plaintiff,

v.

**BANKERS & SHIPPERS INSURANCE COMPANY, a corporation, et al., Defendants.**

Betty Lou **KIMBERLY**, Individually and as Personal Representative of the Estate of Shari Lynn Kimberly, Deceased, Plaintiff,

v.

**BANKERS & SHIPPERS INSURANCE COMPANY, a corporation, et al., Defendants.**

Mary **SMITH**, Individually and as Personal Representative of the Estate of Margaret S. Collins, Deceased, Plaintiff,

v.

**BANKERS & SHIPPERS INSURANCE COMPANY, a corporation, et al., Defendants.**

Arthur H. **SMITH**, Individually and as Personal Representative of the Estate of Cynthia L. Smith, Deceased, and Stephanie Smith, Plaintiffs,

v.

**BANKERS & SHIPPERS INSURANCE COMPANY, a corporation, et al., Defendants.**

Lisa **HANNA**, a Minor, by and through her mother and next friend, Linda Johns, Individually, Plaintiffs,

v.

**BANKERS & SHIPPERS INSURANCE COMPANY, a corporation, et al., Defendants.**

Nos. C78–1968A, C78–1969A, C78–1970A, C78–1971A and C78–1972A.

United States District Court, N. D. Georgia, Atlanta Division.

March 5, 1980.

William Wagner, Wagner, Cunningham, Vaughan, Genders & McLaughin, P.A., Tampa, Fla., William Q. Bird, Bird, Scherffius, Flexner & Cronkright, P.C., Atlanta, Ga., for plaintiffs.

Guerry R. Moore, James B. Hiers, Jr., Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendants Bankers & Shippers Ins. Co. and J. H. Ware Trucking Co.

Joseph P. Murdock, Smith & Murdock, Indianapolis, Ind., and J. Robert Persons, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for Gates Trucking Co.

J. Robert Persons, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for Occidental Fire & Cas. Co. of North Carolina and William LeRoy Hahn.

## ORDER

ORINDA DALE EVANS, District Judge.

The above-captioned cases are now before the Court on Defendants Occidental Fire & Casualty Company and Bankers & Shippers Insurance Company's Motions for Summary Judgment. Briefs have been submitted by both sides. These cases are wrongful death and personal injury lawsuits brought by the Plaintiffs against two interstate motor carriers and their insurers arising out of a vehicular collision. The Movants, insurers of the Defendant motor carriers, contend that they are improperly joined as Defendants in these actions, arguing that the Plaintiffs cannot bring a direct cause of action against the insurers given the underlying facts of these cases.

Movants argue that since their insureds were engaging in interstate commerce at the time of the collision, and since the carriers did not hold Certificates of Public Convenience and Necessity allowing them to engage in intrastate commerce, they cannot be joined in these actions against the motor carriers under Ga.Code Ann. § 68–612 which gives persons having a cause of action against a common carrier the right to join the insurance carrier in the same action.

Ga.Code Ann. § 68–612, in addition to providing for a direct action against the insurance carrier, sets forth insurance and bond requirements for intrastate carriers. Carriers are required to give a bond or file a policy of indemnity insurance ". . . for the protection of the public against injuries of such motor carrier, its servants or agents" as well as for the protection of passengers or freight. Although the provisions of Ga.Code Ann. § 68–612 could facially be interpreted to apply only to intrastate carriers because of the certificate requirements set forth therein, the statute cannot be read in isolation to preclude a direct cause of action against an insurer of an interstate carrier.[1] Under Ga.Code Ann. § 68–633(c) an interstate carrier is required to "[g]ive the bond or indemnity insurance prescribed by this Chapter (omitting the protection in respect to their own passengers and cargoes)." Thus, an interstate carrier must comply with the bond or indemnity insurance requirements as set forth in Ga.Code Ann. § 68–612. Although interstate carriers are not required to provide protection for their passengers or cargoes, they are still required to provide for the protection of the public against injury proximately caused by their negligence. The public is thereby an express beneficiary of the bond or indemnity insurance whether the insured carrier is an interstate carrier or an intrastate carrier. Except for the fact that interstate carriers are not required to obtain certificates or provide insurance or a bond protecting passengers or baggage the requirements of Ga.Code Ann. § 68–612 expressly apply to interstate carriers. Ga.Code Ann. § 68–633(c). The direct action provision contained in Ga.Code Ann. § 68–612 is directly related to the insurance provisions which apply to both interstate and intrastate carriers. The wording of the direct action provision itself supports a finding that insurers of interstate carriers are subject to direct actions. The provision states, "[i]t shall be permissible *under this*

*Chapter* for any person having a cause of action arising *hereunder* in tort or contract to join in the same suit the motor carrier and its surety in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract." (emphasis added).

A reading of Ga.Code Ann. § 68–612 in conjunction with Ga.Code Ann. § 68–633 as well as policy considerations lead this Court to conclude that a proper interpretation of the provision in Ga.Code Ann. § 68–612 allowing for direct actions against insurance carriers is that it applies to interstate carriers as well as intrastate carriers. The Court notes that the Movants contend that the federal government has pre-empted the field of legislation with regard to interstate commerce, thereby precluding a finding that the Georgia statute allows direct actions against insurers of interstate motor carriers. While the federal government has pre-empted the field of legislation with regard to the regulation of transportation of goods and persons in interstate commerce, this is not the case with regard to the public, *not* passengers, who are injured on the highways of the state. See *Rogers v. Atlantic Greyhound Corp. et al.*, 50 F.Supp. 662 (S.D.Ga.1943). The state's interest in providing Plaintiffs with the right to bring direct actions against insurers of intrastate carriers is equally strong in the case of interstate carriers when the injuries claimed are injuries to members of the public traveling on the state's highways.

The Court finds that the wording of the Ga.Code Ann. § 68–612 provision allowing for direct actions against motor carrier insurers, the provisions of Ga.Code Ann. § 68–633, and the policy considerations supporting direct actions against insurers of interstate carriers with respect to injuries sustained by the public which are the same considerations supporting direct actions

---

1. The Court has examined the case cited by the Movants to support their position, *Gates v. L. G. DeWitt, Inc.*, 528 F.2d 405 (5th Cir. 1976), and does not find the dicta therein which Mov-

ants cite to be persuasive. The Court notes that the *Gates* case involved a motor carrier engaged in intrastate rather than interstate commerce.

against intrastate carriers, support a finding in favor of the Plaintiffs on this Motion.

In accordance with the reasons set forth above, the Court hereby ORDERS that Defendants Occidental Fire & Casualty Company and Bankers & Shippers Insurance Company's Motions for Summary Judgment be DENIED.